282 F.2d 680
 PORTLAND BASEBALL CLUB, INC., a corporation, Appellant,
v.
BALTIMORE BASEBALL CLUB, INC., a corporation, et al.,* Appellee.
*The case in this court and below was captioned 'Portland
Baseball Club, Inc.,
v.
Ford C. Frick, Commissioner of Baseball, et al.' Inasmuch as
Mr. Frick was never served and has not appeared, we
substitute for him in the caption the Baltimore Baseball
Club, Inc., the first defendant in the complaint who was a
party to the judgment of dismissal below.
 No. 16816.
 United States Court of Appeals Ninth Circuit.
 Sept. 13, 1960.
 
 Donald C. Walker, James F. Lonergan, Philip A. Levin, Portland, Or., for appellant.
 Roy F. Shields, Robert F. Maguire, Portland, Or., Louis F. Carroll, New York City, Benj. F. Fiery and Warren Daane, Cleveland, Ohio, Harvey L. Sperry, New York City, for appellee; Maguire, Shields, Morrison, Bailey & Kester, Portland, Or., Willkie, Farr, Gallagher, Walton & Fitzgibbon, New York City, Baker, Hostetler & Patterson, Cleveland, Ohio, of counsel.
 Before CHAMBERS and HAMLEY, Circuit Judges and BOWEN, District Judge.
 PER CURIAM.
 
 
 1
 The judgment of the district court is affirmed on the authority of Toolson v. New York Yankees, Inc., 346 U.S. 356, 74 S.Ct. 78, 98 L.Ed. 64, and Radovich v. National Football League, 352 U.S. 445, 77 S.Ct. 390, 1 L.Ed.2d 456.
 
 
 2
 Appellant tries to bring professional baseball under the antitrust laws as boxing was done by United States v. International Boxing Club, 348 U.S. 236, 75 S.Ct. 259, 99 L.Ed. 290, and football by Radovich.
 
 
 3
 It asserts and pleads that conditions of restraint in professional baseball are now more aggravated than at the times of Federal Baseball Club of Baltimore v. National League, 259 U.S. 200, 42 S.Ct. 465, 66 L.Ed. 898 and Toolson. Also, it thinks Radovich and other decisions now undercut Toolson and Federal Baseball. But as we read Toolson and Radovich the Supreme Court is still holding to the proposition that if professional baseball is to be brought within the pale of federal antitrust laws, the Congress must do it.